```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
    UNITED STATES,                                           :
                                                             :
                                                             :
                            -v-                              :         1:22-cr-522-GHW
                                                             :
    ARISTIDES RAMIREZ,                                       :
                                                             :            ORDER
                                     Defendant.              :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2025

GREGORY H. WOODS, United States District Judge:

The Court has received Mr. Ramirez's May 21, 2025 motion to withdraw his guilty plea. Dkt. No. 781 ("Mem."). In light of the submissions that have been filed thus far in connection with Mr. Ramirez's motion, the Court has determined that an evidentiary hearing is necessary. "[I]n the face of an allegedly involuntary plea, a plea withdrawal hearing is vital to ensuring the integrity of the process by which guilt may ultimately be determined." *United States v. Davis*, 239 F.3d 283, 286 (2d Cir. 2001). "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)). The Second Circuit has analogized the procedure for determining whether a hearing is necessary to a summary judgment proceeding: "[i]f material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." *Id.*

Here, Mr. Ramirez's motion to withdraw his guilty plea is predicated on his claim that his lawyers rendered ineffective assistance of counsel by failing to convey information about the Government's plea offers, and by coercing him into entering a guilty plea. According to Mr. Ramirez, his "plea was marked by confusion, misinformation, inadequate legal counsel and coercive

pressure." Mem. at 5. Mr. Ramirez submitted a sworn declaration in which he asserts that his two lawyers—Patrick Brackley and Darren Fields—"engaged in plea negotiations without his knowledge" and presented him with conflicting information about his options. Dkt. No. 781-2 ("Ramirez Decl.") ¶¶ 4, 9, 14. In particular, Mr. Ramirez asserts that his lawyers "communicated a plea offer that carried a minimum of 15 years imprisonment" about two weeks before he entered his plea. *Id.* ¶ 20. Mr. Ramirez "decided to not proceed to trial and plead guilty" based on this 15-year offer. *Id.* ¶ 21. On the morning that he appeared in court to take the plea, Mr. Ramirez asserts, his lawyers told him for the first time that the Government had withdrawn the plea offer. *Id.* ¶ 23. He claims that his counsel "did not explain my options" or fully explain the plea, among other things, and that "he answered [the Court's] questions in the way that Mr. Brackley and Mr. Fiends told me to, despite the fact that I felt pressured to plead guilty." *Id.* ¶¶ 27, 34.

In its opposition, the Government contends that it conveyed a plea offer to Mr. Ramirez's counsel but clarified "that the defendant would have to decide within two weeks." Dkt. No. 788 at 7. The Government notes that, "during the change of plea proceeding, the defendant's attorney confirmed that prior plea offers had been conveyed to the defendant," and that Mr. Ramirez freely answered the Court's questions during the colloquy. *Id.* at 9, 10 n.3.

In light of the disputed facts related to the advice received by Mr. Ramirez, the Court has concluded that it needs to hold an evidentiary hearing in connection with Mr. Ramirez's motion to withdraw his guilty plea. The parties are directed to submit a letter to the Court no later than August 11, 2025 with proposed dates for the hearing and for related pre-hearing submissions.

Additionally, because Mr. Ramirez has put his privileged communications with his counsel at issue, Mr. Ramirez has implicitly waived any applicable attorney-client privilege. *See Graziose v. United States*, No. 03-cv-8109 (RWS), 2004 WL 102699, at *1 (S.D.N.Y. Jan. 21, 2004) ("The attorney-client privilege cannot be used as both 'a shield and a sword.' The privilege 'may implicitly be waived

2

when a defendant asserts a claim that in fairness requires examination of protected communications.'" (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991))); *Mendivelso v. United States*, 507 F. Supp. 2d 331, 349 n.3 (S.D.N.Y. 2007) ("The attorney-client privilege is implicitly waived when the defendant asserts a claim of ineffective assistance of counsel."). Accordingly, the parties will have the opportunity to question Mr. Brackley and Mr. Fields, as well as any other witness with testimony relevant to the facts underlying Mr. Ramirez's motion to withdraw his guilty plea.

    SO ORDERED.

Dated:  August 4, 2025
         New York, New York

                                      GREGORY H. WOODS
                                      United States District Judge